1    ISMAIL J. RAMSEY (CABN 189820)
     United States Attorney
2
     MARTHA BOERSCH (CABN 126568)
3    Chief, Criminal Division

4    LLOYD FARNHAM (CABN 202231)
     Assistant United States Attorney
5
            450 Golden Gate Avenue, Box 36055
6           San Francisco, California 94102-3495
            Telephone: (415) 436-6559
7           FAX: (415) 436-7234
            Lloyd.Farnham @ usdoj.gov
8           Alethea.Sargent @ usdoj.gov

9    Attorneys for United States of America

10                          UNITED STATES DISTRICT COURT

11                       NORTHERN DISTRICT OF CALIFORNIA

12                            SAN FRANCISCO DIVISION

13   UNITED STATES OF AMERICA,                    No. CR 22-00378 WHO

14          Plaintiff,

15          v.                                     STIPULATION AND ORDER TO CONTINUE
                                                   STATUS CONFERENCE AND EXCLUDE
16   SANTOS RENE SOTO, and                         TIME UNDER THE SPEEDY TRIAL ACT
     SANTOS MOISES SOTO, III,
17
            Defendants.
18

19

20          Plaintiff United States of America, through undersigned counsel, and defendants Santos Rene

21   Soto and Santos Moises Soto III (defendants), through undersigned counsel, stipulate as follows:

22          1.      A status conference is presently set in this matter for August 22, 2024.  For the reasons

23   set forth below, the parties request that this status conference be continued to November 7, 2024, and

24   that time be excluded during that time period under the Speedy Trial Act.

25          2.      On September 28, 2022, a federal grand jury returned an indictment against defendants

26   charging them with various federal crimes including Conspiracy in violation of 18 U.S.C. § 371;

27   Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349; Wire Fraud in violation of 18

28

1    U.S.C. § 1343; Bank Fraud in violation of 18 U.S.C. § 1344(2); and False Statement on a Loan

2    Application in violation of 18 U.S.C. § 1014.  Defendants are free on pretrial release.

3        3.    The government has produced discovery in this case and continues to produce

4    discovery.  As part of its investigation, the government seized numerous electronic devices and items

5    that contain digital evidence and stored electronic information.  After meeting and conferring, the

6    government returned electronic evidence including thumb drives, hard drives, and laptop computers.

7    Defense counsel continues to process, review and utilize these items in the preparation of their

8    defense.  Thereafter, defense counsel requested the return of business records, documents, and other

9    materials seized by the government during the execution of a 2022 search warrant.  The parties are

10   continuing to meet and confer on this issue.  The defense takes the position that business records are

11   essential to the development of their defense.

12       4.    Counsel for defendants represent that failure to grant the continuance would deny them

13   reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

14   Counsel for defendants also agree that the requested exclusion of time is not based on congestion of

15   the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the

16   defense, or failure on the part of the attorney for the government to obtain available witnesses.

17       5.    Counsel for defendants represent that they have fully informed their clients of their

18   Speedy Trial rights and that, to their knowledge, their clients understand those rights and agree to

19   waive them.  Defendants' counsel further believe that their clients' decision to give up their right to be

20   brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and

21   voluntary one.

22       6.    For these reasons, the parties request that the status conference currently scheduled for

23   a hearing via Zoom on August 22, 2024, be continued to November 7, 2024, also for a hearing via

24   Zoom.  Based on these facts agreed to by the parties, the time period of August 22, 2024, through

25   November 7, 2024, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv), for

26   effective preparation and continuity of counsel.

27       7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy

28   Trial Act dictate that additional time periods be excluded from the period within which trial must

commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

DATED: August 21, 2024                    ISMAIL J. RAMSEY
                                          United States Attorney


                                          _____/s/_____
                                          LLOYD FARNHAM
                                          ALETHEA SARGENT
                                          Assistant United States Attorneys


                                          _____/s/_____
                                          EDWIN PRATHER
                                          Attorney for Defendant
                                          Santos Rene Soto


                                          _____/s/_____
                                          DANIEL BLANK
                                          Attorney for Defendant
                                          Santos Moises Soto III


**ORDER**

The Court has read and considered the Stipulation to Continue Status Conference and Exclude Time Under the Speedy Trial Act, filed by the parties in this matter.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice; and (iii) failure to grant the continuance would deny defense and government counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1    The status conference currently scheduled for August 22, 2024, via Zoom is continued to

2  November 7, 2024, at 1:30 p.m., via Zoom.  The time period of August 22, 2024, to November 7,

3  2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to

4  18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).  Nothing in this Order shall preclude a finding

5  that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the

6  period within which trial must commence.  Moreover, the same provisions and/or other provisions of

7  the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the

8  period within which trial must commence.

9         IT IS SO ORDERED.

10  DATED:August 22, 2024

11

12                                                                    _____
                                                                       HONORABLE WILLIAM H. ORRICK
                                                                       UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4